IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONALD P. KECK, JR.,

    Plaintiff,

v.                                                       Civil Action No. 3:10cv555

COMMONWEALTH OF VIRGINIA, et al.,

    Defendants.

## MEMORANDUM OPINION

By Order dated July 8, 2011, the Honorable Robert E. Payne referred Plaintiff Donald P. Keck, Jr.'s Motion for Leave to File an Amended Complaint (Docket No. 57), Petition for Motion to Join Parties Defendant (Docket No. 59), and Revised Stipulation of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(ii) (Docket No. 70) to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Neither party sought a hearing on these pending motions,[2] and the Court has determined that oral argument would not aid in the decisional process. These matters are now ripe for disposition. For the reasons stated below, the Court will DENY WITHOUT PREJUDICE Keck's motions.

---

[1] Defendants have also filed various motions to dismiss in this matter. (Docket Nos. 21, 44, 46.) These motions have been referred pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation and will be addressed in a separate, forthcoming Report and Recommendation.

[2] The Court notes that some Defendants have waived oral argument as to their motion to dismiss and Keck opposes this waiver. (Docket Nos. 61, 69.) However, the waiver and opposition did not relate to Keck's motions, and neither party contacted the Court to schedule a hearing on Keck's motions.

## I. Factual and Procedural Background

Keck, a Correctional Psychologist employed by the Virginia Department of Corrections ("VDOC"), has filed suit against twenty-three Defendants. In a Complaint that spans 113 pages and contains 612 paragraphs, Keck contends that VDOC unlawfully searched his work computer and implemented disciplinary actions against him purportedly based upon the discovery of personal files on Keck's work computer, but truly based on discrimination and retaliation. Although Keck challenged the disciplinary actions through state grievance proceedings, he alleges that various constitutional violations occurred during the state grievance proceedings resulting in the affirmation of the disciplinary actions.

Keck asserts the following twelve counts against Defendants: (1) invasion of privacy/illegal search & seizure; (2) violation of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*; (3) conspiracy; (4) deprivation of right to free speech; (5) retaliation and hostile work environment; (6) discrimination, disparate treatment, and disparate impact; (7) deprivation of procedural and substantive due process; (8) deprivation of right of confrontation; (9) tortious interference; (10) negligence/gross negligence; (11) negligent failure to train, monitor, and supervise; and, (12) abuse of process. (Compl. ¶¶ 199-612.) (Docket No. 1.) Keck seeks injunctive relief, declaratory relief, and damages. (Compl. at 110-111.)

On November 4 and 5, 2010, Defendants filed their motions to dismiss the Complaint, and on November 5, 2010, Defendants filed their answers.

## II. Analysis

### A. Keck's Motion for Leave to File an Amended Complaint

On November 29, 2010, Keck filed his Motion for Leave to File an Amended Complaint, contending that "[g]ranting this motion [will allow Keck] to describe in further detail the issues in this action, eliminating disputes cited by the Defendants over form that would waste this Court's time." (Pl.'s Mem. in Supp. of Mot. for Leave to File an Amend. Compl. 1-2.)[3] Defendants oppose the motion. (Docket Nos. 67, 68.)

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires."[4] Fed. R. Civ. P. 15(a)(2). The Supreme Court of the United States has instructed courts to "heed" this mandate, holding that amendments should be freely allowed in the absence of considerations such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."). Further, delay alone cannot sustain the denial of a motion seeking leave to amend, so

---

[3] Because these three motions do not contain page numbers, the Court refers to the pages as numbered by CM/ECF.

[4] Rule 15(a)(1) allows a party to amend its pleading once as a matter of course within "21 days after serving it" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Because Defendants filed their motions to dismiss and answers by November 5, 2010, Keck's ability to amend as a matter of course ended on Friday, November 26, 2010. Because Keck did not file his motion to amend until November 29, 2010, this Court analyzes this motion under Rule 15(a)(2).

3

long as such delay is not accompanied by prejudice, bad faith, or futility. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999); *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997).

Here, Keck did not attach a copy of his proposed amended complaint for the Court's review. Instead, he merely contends the following:

> The Amended Complaint intends to make clear and cure what the Defendants have pointed out in terms of this Court's Subject Matter Jurisdiction, Proper Defendants, particularizing Causes of Action and specifying Individual Responsibilities and Action alleged. The Amended Complaint will be reducing the number of defendants and claims against them.

(Pl.'s Mem. in Supp. of Mot. for Leave to File an Amend. Compl. 2.) Based on this description alone and given Keck's failure to tender the proposed amended complaint along with his motion, the Court cannot properly analyze whether leave to amend should be granted, including whether any of the proposed amendments would be futile or prejudicial to Defendants. *See Williams v. Wilkerson*, 90 F.R.D. 168, 169-70 (E.D. Va. 1981). The Court will therefore DENY WITHOUT PREJUDICE Keck's Motion for Leave to File an Amended Complaint.

If Keck wishes to file an amended complaint, he must seek leave to do so and submit a copy of his proposed amended complaint within eleven (11) days of the date of entry hereof. The proposed amended complaint must set forth, in separately numbered paragraphs, a short and plain statement of the facts giving rise to each claim against each defendant. *See* Fed. R. Civ. P. 8(a). Further, such complaint should not name more than one defendant unless one claim against each additional defendant is transactionally related to the claim against the first defendant, and involves a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2). If the Court should grant leave to file an amended complaint, the amended complaint shall supplant Keck's current complaint and all prior submissions.

4

## B. Keck's Petition for Motion to Join Parties Defendant

In his Petition for Motion to Join Parties Defendant, Keck seeks to join Harold Clark, VDOC's current director, as a Defendant in his official capacity and seeks to continue suit against Defendant Gene Johnson, VDOC's former director, only in his individual capacity. (Pl.'s Pet. for Mot. to Join Parties Def. 1-2.) Keck contends joinder is appropriate under Federal Rules of Civil Procedure 19(a)(1)[5] and 20(a)(2)[6] and makes the conclusory statement that "this Court cannot accord the complete relief" in Clark's absence. (Pl.'s Pet. for Mot. to Join Parties Def. 1.) Keck, however, does not specify which of the twelve counts will proceed against Clark.

---

[5] Rule 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

[6] Rule 20(a)(2) provides:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

5

Although this motion seeks to add a party defendant, it also seeks to amend the complaint and must be governed by Rule 15. *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) ("While some courts have concluded that Rule 15(a) does not apply to amendments seeking to add parties, most courts, including this one, have concluded otherwise." (internal citations omitted)); *Adkins v. Labor Ready, Inc.*, 205 F.R.D. 460, 462 (S.D. W. Va. 2001) ("In order to amend a complaint to add additional parties after a responsive pleading has been filed, a movant must seek leave of the court pursuant to Rule 15 of the Federal Rules of Civil Procedure, and he must demonstrate compliance with either Rule 19 or Rule 20 . . . ."). Here, Keck has not sought leave to amend his complaint to add Clark as a Defendant, has not tendered the proposed amended complaint for analysis under Rule 15, and has not sufficiently demonstrated why joinder would be appropriate under Rule 19 or Rule 20. The Court will therefore DENY WITHOUT PREJUDICE Keck's Petition for Motion to Join Parties Defendant.

### C. Keck's Revised Stipulation of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(ii)

In his Revised Stipulation of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(ii), Keck seeks to dismiss without prejudice his claims against Defendants Commonwealth of Virginia, John V. Robinson, Beatrice Anderson, and Tammie Estep. Defendants have not agreed to the dismissal without prejudice.

Rule 41(a)(1)(A)(ii) allows a plaintiff to voluntarily "dismiss an *action* without a court order" by filing "a stipulation of dismissal *signed by all parties* who have appeared." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). Here, Defendants have not signed a stipulation of dismissal. Further, Keck does not seek to dismiss the action, but instead seeks to amend his

complaint by eliminating certain Defendants. Rule 41 is not the proper avenue to obtain this relief. *Galvatubing, Inc. v. Commonwealth Aluminum Tube Enters., LLC*, No. 1:09cv3, 2009 WL 962254, at *4 (W.D.N.C. Apr. 7, 2009). Instead, Keck must seek to amend his complaint by meeting the requirements of Rule 15. The Court will thus DENY WITHOUT PREJUDICE Keck's Revised Stipulation of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(ii).

### III. Conclusion

For the foregoing reasons, the Court will DENY WITHOUT PREJUDICE Keck's Motion for Leave to File an Amended Complaint (Docket No. 57), Petition for Motion to Join Parties Defendant (Docket No. 59), and Revised Stipulation of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(ii) (Docket No. 70).

An appropriate Order shall issue.

/s/ 
M. Hannah 
United States Magistrate Judge

Richmond, Virginia
Date: 7-12-11